UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-20940-RNS

SMAHANE NAANAA NAGHOUM,

    Plaintiff,

vs.

CARMEL AT CALIFORNIA CLUB
PROPERTY OWNERS ASSOCIATION,
INC. and CARMEL AT CALIFORNIA CLUB
CONDOMINIUM "30" ASSOCIATION, INC.,

    Defendants.

**JOINT DISCOVERY PLAN AND CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 16.1(b)(2) of the United States District Court for the Southern District of Florida, Plaintiff, SMAHANE NAANAA NAGHOUM, and Defendants, CARMEL AT CALIFORNIA CLUB PROPERTY OWNERS ASSOCIATION, INC. and CARMEL AT CALIFORNIA CLUB CONDOMINIUM "30" ASSOCIATION, INC., submit their Joint Discovery Plan and Conference Report:

**SCHEDULING AND DISCOVERY MEETING**

The following parties conferred, via telephone, on April 29, 2015:

- Omar K. Ibrahem, Esq., counsel for Plaintiff Smahane Naanaa Naghoum.

- Ramy P. Elmasri, Esq., and Alexandra Blanco, Esq., counsel for Defendants California Club Property Owners Association, Inc., and Carmel at California Club Condominium "30" Association, Inc.

Case 1:15-cv-20940-RNS   Document 13   Entered on FLSD Docket 05/08/2015   Page 2 of 8

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

At the scheduled meeting the Parties were able to agree on the scheduling issues. The Parties, however, disagreed on some issues regarding the joint discovery plan. In particular, how much discovery the Parties, particularly Plaintiff, will need to take. The Parties will further meet and confer in the hopes of resolving these issues short of motion practice.

**CASE MANAGEMENT TRACK AND SCHEDULING REPORT**

Pursuant to the Court's Order [ECF No. 5] and Local Rule 16.1., the Parties request the following:

- PROPOSED TRIAL DATE: March 14, 2016;
- ESTIMATED TIME FOR TRIAL: Three (3) to Five (5) Days;
- CASE MANAGEMENT TRACK: Standard, as set out in Schedule B to the Court's Order [ECF No. 5].

The parties further state as follows:

**A. The Likelihood of Settlement:**

The Parties discussed a potential settlement of this case and will continue to explore, in good faith, the possibilities of settlement as contemplated by Local Rule 16.1 (B)(5), as this case progresses further.

**B. The Likelihood of Appearance In the Action of Additional Parties:**

At this time, Defendants do not anticipate the appearance of additional parties. Plaintiff, however, anticipates the possibility of adding additional parties to this matter.

**C. Proposed limits on Time:**

Pursuant to the Court's Order [ECF No. 5, p. 4], the parties propose the following deadlines:

(1) As noted above, the Parties propose a Schedule B time track with a March 14, 2016 trial date.

Case 1:15-cv-20940-RNS   Document 13   Entered on FLSD Docket 05/08/2015   Page 3 of 8

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

(2) The Parties propose that they have until **June 22, 2015** within which to amend pleadings and/or join additional parties.

(3) The Parties propose that they have until **August 10, 2015** within which to complete mediation.

(4) The Parties propose that all case dispositive motions be filed on or before **January 21, 2016**.

(5) The Parties propose that all discovery, including expert witness discovery, be completed on or before **January 14, 2016**. Plaintiff will disclose any expert witnesses no later than **October 12, 2015**; Defendant will disclose any expert witnesses by **November 16, 2015**; and Plaintiff will disclose any rebuttal expert witnesses by **November 30, 2015**.

D. **Proposals for the Formulation and Simplification of Issues:**

At this time, the Parties do not have any proposals for the formulation and simplification of any issues. As this case progresses, the Parties will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

E. **The Necessity or Desirability of Amendments to the Pleadings:**

At this time, Defendants do not anticipate the need for or desirability of amendments to their pleadings. Plaintiff, however, anticipates that she will likely amend her pleadings.

F. **The Possibility of Obtaining Admissions of Fact and Documents to Avoid Unnecessary Proof:**

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the

Case 1:15-cv-20940-RNS   Document 13   Entered on FLSD Docket 05/08/2015   Page 4 of 8

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

Parties and/or their respective representatives/employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

G. **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence:**

At this time, the Parties do not have any suggestions for the avoidance of unnecessary proof and of cumulative evidence. As this case progresses, the Parties will, in good faith, confer to discuss suggestions for the avoidance of unnecessary proof and of cumulative evidence.

H. **Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master:**

The Parties agree that the Court may refer discovery motions, motions for attorneys' fees and costs, and motions for sanctions to a Magistrate Judge, but do not consent to trial or disposition of dispositive or non-dispositive motions by a Magistrate Judge.

I. **Preliminary Estimate of the Time Required for Trial:**

The Parties anticipate that trial will require three (3) to five (5) days.

J. **Proposed Approximate Dates For Conferences Before Trial, a Final Pre-Trial Conference And Trial:**

(1) The proposed deadline for the pre-trial conference is **March 7, 2016.**

(2) The proposed trial period for this is the two-week trial calendar commencing **March 14, 2016.**

K. **Any Other Information That Might be Helpful to the Court:**

At this time, the Parties are unaware of any additional information that might be helpful to the court.

**DISCOVERY PLAN REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties developed the following discovery plan:

Case 1:15-cv-20940-RNS   Document 13   Entered on FLSD Docket 05/08/2015   Page 5 of 8

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

A. **Initial Disclosures**.

The Parties will serve their initial disclosures required by Federal Rule of Civil Procedure 26(a) by June 15, 2015.

B. **Discovery Subjects**.

Subjects on Which Discovery May be Needed: The Parties will likely seek discovery from, among others, the Defendants, the Plaintiff, the Plaintiff's agents, the Defendants' agents, and any other person or entity who may have relevant knowledge of the claims or defenses pertaining to this matter. Phases of Discovery: The Parties do not believe that they should conduct discovery in phases or be limited to particular issues. Timing of Discovery: See above.

C. **Electronically Stored Information (ESI) Discovery**.

The Parties agree that ESI will be produced bate-stamped, with searchable text, in a commercially reasonably acceptable format. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Files that are not easily converted to a searchable image format, such as spreadsheet, database and drawing files, should be produced in native format.

D. **Issues Regarding Claims of Privilege**.

The Parties have agreed that if any party inadvertently produces electronically stored information, or other documents, that the producing party claims after production are privileged, they will notify the opposing party or parties within a reasonable time frame of learning that an inadvertent production has occurred, then all parties who had received such information shall promptly return, sequester or destroy it, and must take reasonable steps to retrieve the

Case 1:15-cv-20940-RNS   Document 13   Entered on FLSD Docket 05/08/2015   Page 6 of 8

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

information from third parties, including expert witnesses. However, the Parties reserve their right to claim that the information disclosed was not privileged or that the privilege was waived. The Parties are requesting that the Court include their agreement in the scheduling order.

### E. Changes to Discovery Limitations.

The parties disagree on the changes to the discovery limitations.

As a threshold matter, the parties have stipulated that it may be necessary to exceed the limitation provided by Federal Rule of Civil Procedure 30(a)(2)(A) and agree that each party may take up to fifteen (15) oral/videographic depositions without leave of Court. This stipulation does not limit either party from objecting to a deposition request based on any other legal grounds.

Plaintiff, however, contends that fifteen (15) depositions without leave of court is insufficient in light of the facts in this case. As such, Plaintiff has requested up to twenty-five (25) depositions without leave of Court. Defendants do not agree to Plaintiff's request. The Parties will further meet and confer in an attempt to resolve this disagreement. If they are unable to do so, then Plaintiff intends to file an appropriate motion with the Court.

### F. Other Court Orders.

The parties are not requesting that the Court issue any other orders under Federal Rules of Civil Procedure 16(b)-(c) or 26(c).

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

**DATED** this __8__ day of __May__, 2015.

Omar K. Ibrahem, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Tel:  786-502-4837
Fax:  786-513-3980

By: _____
Omar K. Ibrahem, Esq.
Florida Bar No. 0059045
omar@okilaw.com

Vernis & Bowling of Miami, P.A.
1680 N.E. 135th Street
Miami, FL 33181
Tel:  305-895-3035
Fax:  305-892-1260

By: _____
Ramy P. Elmasri, Esq.
Florida Bar No. 0083370
Alexandra Blanco, Esq.
Florida Bar No. 0106874
relmasri@florida-law.com
ablanco@florida-law.com
dhorn@florida-law.com

Naghoum, Smahane vs. Carmel at the California Club POA, et al.
Case No. 1:15-cv-20940-RNS

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Vernis & Bowling of Miami, P.A.**
1680 N.E. 135th Street
Miami, FL 33181
Tel:   305-895-3035
Fax:   305-892-1260

By: _____
Ramy P. Elmasri, Esq.
Florida Bar No. 0083370
Alexandra Blanco, Esq.
Florida Bar No. 0106874
relmasri@florida-law.com
ablanco@florida-law.com
dhorn@florida-law.com

## SERVICE LIST

Omar K. Ibrahem, Esq.
Omar K. Ibrahem, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
omar@okilaw.com

RPE/AB/dmh
1459-150322